# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH P. HUPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:02-CV-00223 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Joseph Hupp brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.) On February 26, 2003, this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 21.)

Hupp's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $14,961.38 for his representation of Hupp in federal court.[1] (Docket # 29.) For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED, except that his requested fee will be reduced to $9,378.43.

### A. *Relevant Factual and Procedural Background*

On June 2, 2002, Shull and Hupp entered into a contingent-fee agreement for Shull's representation of Hupp in federal court.[2] (Mem. in Supp. of Pl.'s Attorney's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Pl.'s Supp. Mem.") Ex. A.) Under the terms of the

---

[1] The Commissioner has not filed a response to Hupp's motion.

[2] The most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

agreement, Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [his] family and [him] in the event [his] case is won." (Pl.'s Supp. Mem. Ex. A.)

On February 26, 2003, Hupp received a favorable judgment from this Court, and his case was remanded to the Commissioner for further proceedings. (Docket # 21, 22.) Shull then filed for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 20.15 hours he spent advocating Hupp's claim in federal court. (Docket # 23-26; Pl.'s Supp. Mem. 2.) After Hupp and the Commissioner entered into a stipulation with respect to the amount of the fee award, the Court awarded Shull $2,500 in EAJA fees. (Docket # 27, 28.)

Ultimately, the Commissioner awarded disability benefits to Hupp and his family beginning January 2000; as a result, Hupp and his family received $106,620.52 in back benefits. (Pl.'s Supp. Mem. 2, 8, Exs. B-F.) On September 17, 2008, Shull filed the instant motion, seeking the Court's authorization of a payment of $14,961.38 in attorney fees from Hupp to Shull pursuant to the contingent-fee agreement. (Docket # 29-30.)

### B. Legal Standard

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96. Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95. There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed twenty-five percent of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then

---

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id.* at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

> testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807-08 (citations and footnote omitted).

### *C. Discussion*

Here, Shull requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $14,961.38 pursuant to his contingent-fee agreement for his representation of Hupp in federal court. Shull explains that an award of $14,961.38 is reasonable for the 20.15 hours he spent representing Hupp, considering that (1) it reflects the contingent nature of the recovery; (2) it is in alignment with the fees of other attorneys in the local market; (3) he achieved an excellent result for Hupp; and (4) he provided Hupp with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law. (Pl.'s Supp. Mem. 8-13, Exs. G, H.)

The Court is persuaded, at least in part, by Shull's argument in support of his fee. Indeed, the requested amount of $14,961.38 when added to $5,300, the maximum amount that could have been awarded to Hupp's counsel, if any, by the Commissioner for representation during the administrative proceedings, *see Doucet v. Astrue*, No. 06-2002, 2007 WL 4321927, at *1 (W.D. La. Oct. 17, 2007) (citing 42 U.S.C. § 406(a)(2)(A)(ii)),[5] is less than twenty-five percent of Hupp's past-due benefit award. *See* 42 U.S.C. § 406(b)(1)(A). Thus, Shull's request is in accordance with § 406 and the contingent-fee agreement between Shull and Hupp.

---

[5] Shull does not state in his motion whether he or another attorney was awarded fees under 42 U.S.C. § 406(a) for representation of Hupp at the administrative level.

Furthermore, Shull obtained a significant result for Hupp and undoubtedly provided him with quality representation. This Court is well aware of Shull's numerous years of experience and significant knowledge in the area of social security disability law. (*See* Pl.'s Supp. Mem. Ex. G (describing in detail Shull's professional experience in the area of social security law).)

Nonetheless, the Court will not award Shull the entire fee that he requests because the fee is not "reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. To explain, Shull seeks $14,961.38 for 20.15 hours of work, which equates to an "effective rate" of $742.50 per hour.[6] This type of benefit seemingly constitutes a windfall, as "the benefits are large in comparison to the amount of time [he] spent on the case." *Id*.

Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing social security claimants, in which Jackson states that "a fee of $275.00 is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (Jackson Aff. ¶ 8.) Considering that a contingent fee involves a substantial risk of loss, we think a contingent fee with an "effective rate" of approximately twice that of a non-contingent fee does not appear unreasonable.[7] *See Gisbrecht*, 535 U.S. at 804-07 (explaining the

---

[6] Perhaps anticipating the Court's reasoning, Shull argues that he really is seeking an "actual effective rate" of $618.43 per hour, not $742.50 per hour. (Pl.'s Supp. Mem. 11.) To arrive at this rate, Shull subtracts the $2,500 in EAJA recovery *before* calculating his "effective rate." (Pl.'s Supp. Mem. 11.) However, as discussed *supra*, the lesser of the amount of attorney fees awarded under § 406(b) and the EAJA must be refunded to the claimant, as the fee awards under each statute are derived from the same 20.15 hours of legal work. Thus, the amount of Shull's EAJA recovery should not be included in his "effective rate" computation, as it simply constitutes the "lesser" of the two fees to be refunded to Hupp.

[7] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). Here, Shull argued in his supporting memorandum that his requested "effective rate" per hour is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court in its analysis is merely responding to Shull's argument concerning his proposed "effective rate." *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that

5

contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements.").

In that vein, Shull directs the Court's attention to *Elliott v. Commissioner of Social Security*, No. 1:05-cv-007, 2008 WL 4055832 (N.D. Ind. Aug. 28, 2008), in which Shull requested a contingent fee award that equated to the same "effective rate" that he requests here, $742.50, but was ultimately awarded an amount that equated to an "effective rate" of $589.50 per hour. Following Shull's suggestion that we look to *Elliott* for guidance here, *see Gisbrecht*, 535 U.S. at 807 n.17, we will multiply an "effective rate" of $589.50 per hour by Shull's 20.15 hours of representation to arrive at a fee of $11,878.43, which must then be offset by $2,500, the amount of the EAJA fees that Shull already recovered. *See Gisbrecht*, 535 U.S. at 796. This result is consistent with not only *Elliott*, but also with other prior decisions by this Court awarding Shull fees pursuant to § 406(b). *See Arenas v. Comm'r of Soc. Sec.*, No. 1:01-cv-399 (N.D. Ind. May 2, 2007) (awarding a fee equating to $492 per hour); *Keck v. Comm'r of Soc. Sec.*, No. 1:04-cv-455 (N.D. Ind. Apr. 23, 2007) (awarding a fee equating to $546 per hour); *Brown v. Comm'r of Soc. Sec.*, No. 1:03-cv-160 (N.D. Ind. Jan. 19, 2007) (awarding a fee equating to $578 per hour).

Therefore, the Court will authorize Shull's requested fee under § 406(b), but the fee will be reduced from $14,961.38 to $9,378.43.

---

the requested fee is reasonable).

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 29) is GRANTED, except that his requested fee of $14,961.38 is reduced to $9,378.43, which includes an offset for Shull's prior receipt of EAJA fees.

SO ORDERED.

Enter for this 8th day of October, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge